612 So.2d 1243 (1992)
E.C.B.
v.
J.S. and F.S.
(In the Matter of K.P.B.).
2910445.
Court of Civil Appeals of Alabama.
November 13, 1992.
Rehearing Denied December 23, 1992.
Certiorari Denied February 19, 1993.
*1244 Eddie Beason of Fine & McDowell, Russellville, for appellant.
Bryce U. Graham, Sr., Tuscumbia, for appellee.
Alabama Supreme Court 1920529.
ROBERTSON, Presiding Judge.
This is a child custody case.
On August 30, 1991, J.S. and F.S. filed a petition for custody of K.P.B., the minor child of E.C.B., the mother. The petition alleged that on April 8, 1990, the mother left the minor child with J.S. and F.S.; that J.S. and F.S. believe that they are the paternal grandparents of the minor child; and that J.S. and F.S. requested that they be awarded complete care, custody, and control of the minor child. On September 3, 1991, the juvenile court awarded temporary legal custody of the minor child to the Franklin County Department of Human Resources (DHR). The juvenile court ordered that placement of the minor child be in the home of J.S. and F.S., pending a resolution of the matter, and that a home study be conducted on all the parties.
Following an ore tenus proceeding, the juvenile court entered an order on April 29, 1992, and based on the evidence presented, made the following findings of fact:
"1. The [minor] child was born during the marriage of [R.B.B.] and the mother.
"2. The mother and [R.B.B.] agree that [D.S.], the son of [J.S. and F.S.], could possibly be the natural father of the child.
"....
"4. The [minor] child has lived mostly with [J.S. and F.S.] since March 1990, when the [minor] child was brought to their home by his mother because she had no home or food or way to care for him. The mother told [J.S. and F.S.] she would leave the [minor] child with them until she got a divorce from [R.B.B.] and got a place to stay. When that happened, she did not come back to get him from [J.S. and F.S.] except for some infrequent visitation with him.
"....
"13. It is the further finding of the court, based on clear and convincing evidence, competent, material and relevant in nature, that the said minor child is a dependent child in that he has no parent who is capable at this time of providing proper care and supervision, and that it would be in the best interests of the said minor child for [J.S. and F.S.] to have legal custody with placement in the home of [J.S. and F.S.]."
The only issue the mother raises on appeal is whether the juvenile court's finding that the minor child is dependent was supported by clear and convincing evidence.
We note at the outset that this court is mindful of the case law stating that the natural parent has a prima facie right to custody of his or her child in a custody dispute between the parent and a nonparent. Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App.1988). In addition, this court has held that the overriding concern in child custody cases is the best interests of the child, Brown v. Alabama Dep't of Pensions & Security, 473 So.2d 533 (Ala.Civ.App.1985). Also, when the trial court receives ore tenus evidence, its decision is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong. D.G. v. State Department of Human Resources, 569 So.2d 400 (Ala.Civ.App.1990).
The record reflects that the mother married R.B.B. in 1986 and that, during the marriage, two children were born, J.B.B. and the minor child. In 1990 the couple was divorced. The mother testified that she left the minor child with J.S. and F.S. in April 1990, because she thought they were the minor child's grandparents and that it was in the best interests of the minor child to be with them. She testified that, at that time, she wanted to find a place to live and to be able to provide for the minor child. The mother testified that she and R.B.B. reached an agreement in the divorce wherein she was given custody of both of the children, and R.B.B. was awarded supervised visitation rights. The mother testified *1245 that a month before the trial she had a harassment warrant issued against R.B.B. Also, the mother testified that she does not leave her other child, J.B.B., alone with R.B.B. since he bit the child on one occasion. Also, she testified that R.B.B. has a history of alcohol abuse and that he has a violent temper, but that he does not live with her and J.B.B. now. She testified that she has a son, M.A.M., that was born out of wedlock and that she gave her mother legal custody of M.A.M.
R.B.B. testified that he has been sober for one year, and that he has not supported the minor child in the last two years except to bring him toys on Christmas.
Ms. Jane Lee, a social worker for the Lawrence County DHR, testified that she became acquainted with J.S. and F.S. in April 1990, when she was following up on a complaint received regarding inadequate housing of the minor child while living with the mother and R.B.B. She testified that at that time she was working with the mother and R.B.B., and that the minor child was living with J.S. and F.S.
Mr. Tracy Miller, a DHR social worker, testified that he completed a home study report on the home of J.S. and F.S. in October 1991, while the minor child was living with them. He described the home as clean and adequate. Further, he testified that the minor child appeared to have a very loving relationship with J.S. and that the child was healthy and happy.
J.S. testified that she is married to F.S., and that she has seven children of her own. She also testified that the minor child was two years old at the time of trial, and that the child had lived with her and F.S. since April 1990. She testified that the mother brought the minor child to her house in March 1990, so that the he could get to know J.S. and F.S. On April 5, 1990, J.S. took the child back to the mother, and three days later the mother called J.S. and asked her to pick the child up because she was losing her home, had no groceries and no electric power, and because the welfare people were investigating her. J.S. testified that she and F.S. had supported the minor child and had taken him to the doctor, and that the mother had not helped with the support of the child except to bring him some clothes and some toys. Also, the minor child stayed with the mother overnight while J.S. was in the hospital, but the next day the mother called J.S. to pick the child up. She testified that after the minor child spends the night with the mother, he experiences nightmares. Also, F.S. testified that the mother had asked the petitioners to take legal steps necessary for them to receive custody of the minor child.
Ms. Graham, an employee for the Franklin County DHR, testified that she did a home study on the home of the mother in September and then a follow-up study. She testified that in September the two bedroom apartment was adequate. On Ms. Graham's next visit, the mother was in another apartment because the first apartment was undergoing renovations. She also testified that the mother's other child, J.B.B., was living with the mother and that there would be enough room in the apartment for the minor child. She testified that the mother reported to DHR that R.B.B. had bitten J.B.B., and that the mother stated that she made arrangements for R.B.B. not to be alone with J.B.B. Ms. Graham further testified that more than one source has told her that R.B.B. lives with the mother and J.B.B.
After a careful review of the record, this court cannot hold that the trial court's finding that the child was dependent was not supported by clear and convincing evidence.
AFFIRMED.
RUSSELL, J., concurs.
THIGPEN, J., concurs specially.
THIGPEN, Judge, concurring specially.

I concur in the result reached by the majority; however, I am compelled to note that the cases the mother cites supporting her position involve the termination of parental rights and that is not the case here. The mother's parental rights were not terminated and the issue of custody is not res *1246 judicata. See Sanders v. Guthrie, 437 So.2d 1313 (Ala.Civ.App.1983).